UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY M. LAWRENCE, JR.

VERSUS                                              CIVIL ACTION

CONTROLLING OFFICER ON DUTY                         NUMBER 13-20-JJB-SCR
AT TIME OF INCIDENT

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 22, 2013.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY M. LAWRENCE, JR.

VERSUS                                              CIVIL ACTION

CONTROLLING OFFICER ON DUTY                         NUMBER 13-20-JJB-SCR
AT TIME OF INCIDENT

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Quash Service, and in the Alternative, Motion to Dismiss. Record document numbers 21 and 30. No opposition has been filed.

Pro se plaintiff, while an inmate confined at River Bend Detention Center, Lake Providence, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against an unidentified corrections officer at the East Baton Rouge Parish Prison. Plaintiff alleged that in early February 2011, the unidentified officer was negligent when he failed to properly close the door to another inmate's cell, thereby allowing the other inmate to exit his cell and attack the plaintiff while he was in the shower.

**I. Applicable Law and Analysis**

**A. Motion to Dismiss Standard**

Defendant moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule

12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of

2

misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. Prescription

Defendant argued that any claim against him is prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on January 15, 2013, and it was filed on January 25, 2013. Therefore, any claim the plaintiff had against the defendant regarding acts which occurred prior to January 15, 2012 has prescribed.

The holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), does not affect this determination. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the

3

running of the one-year limitations period for prisoners' claims in this state.

A review of the complaint showed that although the plaintiff alleged that his mother and sister spoke to prison officials regarding the incident, he did not allege that he filed an administrative grievance through the approved parish prison's Administrative Remedy Procedure or that he proceeded through each step of the approved procedure.[1]

## II. Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant's Motion to Quash Service, and in the Alternative, Motion to Dismiss be granted and this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendant consistent with the facts alleged in his

---

[1] Record document number 1, § IV. ¶ 12.

complaint.

    Baton Rouge, Louisiana, October 22, 2013.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE