UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY M. LAWRENCE, JR.

VERSUS                                              CIVIL ACTION

CONTROLLING OFFICER ON DUTY                         NUMBER 13-20-JJB-SCR
AT TIME OF INCIDENT

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 29, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRY M. LAWRENCE, JR.

VERSUS                                                    CIVIL ACTION

CONTROLLING OFFICER ON DUTY                   NUMBER 13-20-JJB-SCR
AT TIME OF INCIDENT


**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Have Statutes of Limitation Equitably Tolled.  Record document number 35.  Plaintiff's motion shall be treated as an opposition to the defendant's Motion to Quash Service, and in the Alternative, Motion to Dismiss.

Defendant filed a Motion to Quash Service, and in the Alternative, Motion to Dismiss was filed on behalf of the defendant.[1]  The motion was unopposed.  On October 22, 2013, a magistrate judge's report was issued to the district judge recommending that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that the claims are prescribed, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.[2]

In his opposition to the defendant's motion the plaintiff

---

[1] Record document numbers 21 and 30.

[2] Record document number 34.

argued that equitable tolling of the limitations period is warranted because: (1) following the alleged incident he expended some unspecified amount of time trying to get an attorney to accept representation; (2) at some unspecified time he was transferred to another facility and was placed on lockdown; (3) at some unspecified time he was transferred back to the parish prison and the entire prison was placed on lockdown for several months, which restricted his ability to conduct legal research; (4) he could not identify the individuals who injured him or the exact manner in which he was injured; and, (5) another inmate told him the statute of limitations was two years.

Plaintiff has not established that equitable tolling of the limitations period is warranted. *E.g., Cruz v. Louisiana*, 528 F.3d 375, 378 & n.7 (5th Cir. 2008); *Barber v. Emp'rs Ins. Co.*, 97 So.3d 454, 464 (La. Ct. App. 2012)(if complaint is facially untimely, Louisiana law places burden on plaintiff to establish prescription has been interrupted or suspended).

For the reasons set forth in the Magistrate Judge's Report, as supplemented herein, the plaintiff's complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendant consistent with the facts alleged in his complaint.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant's Motion to Quash Service, and in the Alternative, Motion to Dismiss be granted and this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendant consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, October 29, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE